## Johnson v. Parke et al.

*F. L. Pinola,* for plaintiff; *W. L. Pace,* for defendants.

McLean, P. J., October 20, 1930.—Defendants filed exceptions to the decision of the court which are now before us for disposition.

The action was one of replevin to determine the right of possession of a certain policy of insurance which provides, *inter alia*, as follows:

"In consideration of the application for this policy, which is hereby made a part of this contract, the Mutual Life Insurance Company of New York promises to pay at its home office in the City of New York, unto Ella R. Johnson, mother of Bert D. Johnson of West Pittston in the County of Luzerne, State of Pennsylvania, her executors, administrators or assigns one thousand dollars, upon acceptance of satisfactory proofs at its home office of the death of the said Bert D. Johnson during the continuance of this policy, upon the following conditions; and subject to the provisions, requirements and benefits stated on the back of this policy, which are hereby referred to and made part hereof;" which policy contains the following provisions endorsed thereon:

"Dividends—If this policy is in force at the expiration of twenty years from June 18, 1896, it will be credited with such share of distributive surplus as may be then computed by the company, and it shall not be entitled to any such credit at any previous time. All surplus so credited may be applied at the option of the insured, either (1) to purchase an addition to the sum insured under this policy, without medical examination, provided notification of such application of the surplus be made in writing to the company not less than two years before the end of the first distribution period, in default of which notice a satisfactory medical examination will be required; or (2) to purchase an annuity; or (3) it may be drawn in cash. Subsequent distributions of surplus shall be made at periods of five years each during the continuance of this policy, and shall be payable in cash, or shall be applied to purchase an addition to the sum insured, without medical examination, if requested before apportionment. But should the owner of the policy at the end of the first period of years, as above provided, or at the end of any subsequent period of five years elect to receive the dividends annually, the surplus applicable on this policy will thereafter be apportioned at the beginning of each year on the anniversary of the date of this policy and may be applied as hereinbefore provided."

We are here concerned with the right of possession, not with the right of surrender of the policy, which can be accomplished only by and with the consent of the personal representatives of the beneficiary, now deceased.

We held in the decision as follows:

"Bert D. Johnson is entitled to receive all the benefits or accruals under the policy other than the sum to be paid the beneficiary, her heirs or assigns, upon the death of the insured."

For this purpose, if for no other, the insured by his guardian is entitled to possession of the policy. Without regard, however, to this fact "as a general rule the right to the possession of a life insurance policy during the term of insurance is in the person who effects the insurance and pays the premiums (Bowers *v.* Parker, 58 N. H. 565) :" 1 Cooley's Briefs on Insurance, 155-156. There are no facts in this case which take it out of the general rule; the competent evidence shows that the policy was in posession of the insured at the time when he suffered a mental breakdown, and all of the premium receipts produced indicate payments by the insured.

At the argument upon exceptions to the decision our attention was called to defendants' points which were not specifically answered at the time of filing the decision. This was unnecessary, inasmuch as the findings of fact and conclusions of law sufficiently cover the material features of the case.

As was appropriately said in Bowers *v.* Parker, *supra,* if the right of the defendant to receive the amount due on the policy at the death of Bert D.

Johnson is endangered by plaintiff's possession of the policy, protection must be sought in equity and not by proceedings at law. Accordingly:

Exceptions dismissed and judgment directed to be entered, in accordance with the decision filed, for the plaintiff.

From Frank P. Slattery, Wilkes-Barre, Pa.